FRED FORD, Respondent, *v.* FORD MOTOR COMPANY, Appellant.

Third Department, December 28, 1917.

Contract — agreement of manufacturer to share profits with purchasers of its product — purchaser entitled to profit on fulfillment ·of conditions — contract between purchaser and selling agent does not bar recovery.

Where the defendant, a manufacturer of automobiles, for the purpose of giving publicity to its products, advertised that it would give to all retail buyers of its automobiles a certain share of its profits during the current year, providing the defendant sold a certain number of cars, one who purchased an automobile from an agent of the defendant, or the purchaser's assignee, is entitled to receive a share of the profits, the conditions of the advertisement having been fulfilled, and payment cannot be refused upon the ground that the bill of sale of the car given by the agent some months after the actual sale stated that the sale did not come within the provisions of the defendant's offer. The agreement of the defendant through its advertisement was an entirely different transaction than the sale of the car between the purchaser and the agent.

Said promise of the defendant to divide profits was not a mere gratuity, but a request to the public which, when acted upon, was binding.

APPEAL by the defendant, Ford Motor Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Tioga on the 9th day of November, 1916, upon the verdict of a jury, and also from an order entered in said clerk's office on or about the same day denying defendant's motion for a new trial made upon the minutes.

*Clark & Truman* [*James S. Truman* of counsel], for the appellant.

*Lynch & Clifford* [*Edward W. Clifford* of counsel], for the respondent.

PER CURIAM:

We see no reason for changing our views in this case except as to the fifty dollars on the profit-sharing plan. The court overlooked the fact that the bill of sale was delivered some four months after the delivery of the car and long after the purchaser had paid the agent and the agent had paid the company for it. The statement stamped upon the bill of sale giving a reason for attempting to exclude the purchaser from the profit-sharing plan was not true. The car was a new car and sold at the regular price.

It is urged that the profit-sharing plan was not referred to in the contract of sale which recites that it contains the whole agreement, and that it cannot be changed by any other understanding. The defendant issued a circular to the public, signed by it, in part as follows: " Now, with the single provision that we sell 300,000 cars, we propose to give to all retail buyers of Fords, between August 1, 1914, and August 1, 1915, between twelve and eighteen millions of dollars to be distributed at the end of the selling year August 1, 1915." The number of cars was sold and, under the plan of distribution, each purchaser was entitled to fifty dollars as his share of the profits of the business. This profit-sharing plan did not relate to the contract of sale, as the contract was complete in itself and related only to the sale of the car and the price to be paid, which agreement has been fully executed. The fifty dollars was not intended as a reduction of the price of the car, but as part of an advertising scheme by which each customer during the time became an active barker interested in the sale of Fords during the year. It related to an entirely different matter from the sale of a car — namely, to the distribution of the profits in which the defendant agreed that the public interested in Fords should share. The terms of exclusion in the contract of sale relate only to terms which qualify or change the writing itself; but the contract was made with special reference to the profit-making plan, which was known to both parties and did not reduce the price of the car or change the terms of sale but was a publicity scheme adopted by the defendant to give it assistance in selling its cars. The profit-sharing plan related to an entirely different subject from the sale of this particular car. The defendant

undoubtedly had the active assistance of more than 300,000 purchasers in making its profits for the year; it should now treat them in good faith and divide the profits with them as agreed. The plan was not a mere gratuity, but was a request to the public which, when acted upon, binds the company.

Proof of the plan and of the acceptance of it by plaintiff's assignor does not change the contract of purchase and was, therefore, competent.

It is alleged there was an error in refusing a request to charge. If so it was not prejudicial. If the charge had been made as requested it could not have changed the result. The judgment and order should, therefore, be affirmed, with costs.

Judgment and order unanimously affirmed, with costs.